

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN
XXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Melvin Combs
Criminal District Attorney
Beaumont, Texas

Dear Sir:

Opinion No. 0-4622

Re: Should the County Clerk
refuse to accept for record any
affidavit that does not carry
both a jurat and an acknowledg-
ment.

Your letter of May 27, 1942 submitting the above question has
been given our careful consideration.

As you state, Article 6626, Revised Civil Statutes reads:

"The following instruments of writing, which shall have
been acknowledged or proved according to law, are
authorized to be recorded."

It then names the various instruments.

Article 6591 of the Revised Civil Statutes reads:

"County Clerks shall be recorders for their respective
counties; * * * * shall record all instruments of writing
authorized or required to be recorded."

Article 1941 of the Revised Civil Statutes relates to the duties
of County Clerks and states:

"They shall be ex-officio recorders for their several
counties, and as such shall record in suitable books to
be procured for that purpose all deeds, mortgages and
other instruments required or permitted by law to be
recorded."

In the case of Farmers Mutual Royalty Syndicate vs. Isaacks,
138 S.W. (2) 228, the Court after discussing the effect of a
recorded affidavit duly sworn to but not acknowledged which
related to the sale of certain lands states:

"(1-3)  The affidavit was not such an instrument
as is authorized by Article 6626, Revised Civil Statutes
to be placed of record in the clerk's office and, therefore,
its record did not constitute constructive notice to
defendant in error of the facts revealed by it."

The court then held in said case that since the purchaser of the
land had notice of said affidavit being on record he was charged
with actual notice of its contents, and that although the record-
ing of the affidavit was not constructive notice it did effective-
ly give the purchaser of the land actual notice of its contents.

36 Tex.Jur. 439 reads:  "An instrument which is not acknowledged
or proved for record as required by law is not entitled to be
recorded."

Under the above statement of the law a long list of authorities
are cited.

Article 6612, 6613, 6614 and 6615 of the Revised Civil Statutes
provide the methods of how instruments may be proved in order to
entitle same to be recorded when said instruments have not been
acknowledged.

There is no provision in the statute which authorizes an
unacknowledged affidavit to be recorded and as above stated the
recording of such an affidavit is not constructive notice of its
contents, although it would have the effect of giving actual
notice if the parties at interest saw the recorded affidavit.

Under Article 6626 of Revised Civil Statutes the only instruments
which are entitled to be recorded are those that have been
either acknowledged as provided by Article 6603 of the Revised
Civil Statutes or those proved under the provisions of Article
6612, 6613 and 6614 of the Revised Civil Statutes.

You ask whether an affidavit, in order to be recorded should have
a jurat and also an acknowledgment.  It takes the jurat to make
the instrument an affidavit.  Before the County Clerk can be
required to record an affidavit it must be acknowledged.

|                                           |                              |
|-------------------------------------------|------------------------------|
|                                           | Yours very truly             |
| GWG:WBR/cge                               |                              |
|                                           | ATTORNEY GENERAL OF TEXAS    |
| APPROVED JUNE 16, 1942                    |                              |
| s/ Grover Sellers                         | s/ George W. Barcus          |
| FIRST ASSISTANT                           |                              |
| ATTORNEY GENERAL                          | By      George W. Barcus     |
|                                           |            Assistant         |
| APPROVED OPINION COMMITTEE                |                              |
| BY BWB, Chairman                          |                              |